UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE LATHAN PRICE, III,

    Plaintiff,

v.

    Case No.  1:16-cv-541-PJG

    Hon. Phillip J. Green

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff seeks review of the Commissioner's decision denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to the undersigned magistrate judge handling all matters in this case, including entry of final judgment.  (*See* ECF No. 12).

## **Standard of Review**

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords the decision maker considerable latitude, and indicates that a decision supported by

substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **Procedural Posture**

Plaintiff protectively filed his applications for DIB and SSI in March 2012, alleging an April 20, 2012, onset of disability.[2] (PageID.344-49, 359-60, 378). Plaintiff's applications were denied at the initial level (PageID.161-72), and he requested an administrative hearing (PageID.200-01). The administrative law judge (ALJ) held a hearing on April 8, 2013 (PageID.117-59), and, on May 24, 2013, issued a decision finding that plaintiff was not disabled (PageID.173-87). On September 10, 2014, the Appeals Council reviewed this decision, and remanded plaintiff's claims for a new hearing. (PageID.191-93). Upon remand, a different ALJ held a hearing on January 21, 2015 (PageID.63-116), and, on May 28, 2015, issued a new decision, again finding that plaintiff was not disabled (PageID.41-56). The Appeals Council denied plaintiff's request for review of this decision on April 12, 2016. (PageID.25-27). This action followed.

Plaintiff filed this action, *pro se*, on May 17, 2016. (Complaint, ECF No. 1). On June 2, 2016, the Court granted plaintiff's motion to proceed *in forma pauperis*. (ECF No. 4). By notice entered August 8, 2016, the Court directed the parties to file briefs in support of their respective positions, plaintiff by September 12, 2016, and the

---

[2]Plaintiff alleged disability as of April 1, 1992, when he initially applied for benefits (PageID.344, 359), but subsequently amended this date to April 20, 2012 (PageID.378).

Commissioner by October 17, 2016. (ECF No. 9). The Court noted its expectation of strict compliance with the briefing requirements. (*See id.*, PageID.787).

On September 15, 2016, the Court issued a show-cause order, as a result of plaintiff's failure to file his brief, requiring plaintiff "to show cause in writing why this case should not be dismissed for his failure to file a brief in accordance with the court's notice (ECF No. 9)." (ECF No. 13, PageID.798 (citing W.D. MICH. LCIVR 41.1)). Plaintiff responded on September 21, 2016, simply noting that his niece wrote "a letter" on August 17, 2016, to "tell [the Court] that [he is] disable[d] and the [problems he has]." (ECF No. 14, PageID.799). The Court found this letter attached to the Joint Statement Regarding Consent, which was filed August 17, 2016; it reads in full as follows:

> To whom it may concern.
>
> The purpose for Joe Price requesting SSI is because of his mental health. He is mentally retarded I believe. Simple things that most people can do he can't or you have to tell him over and over and he still may not do it. He suffers from [schizophrenia], he often talks to himself and seems to be in another world. He is a very hard person to deal with sometimes because of his mental state. It takes a lot of love and patience when dealing with him. As time goes by it seems to worse[n], he needs held with more things then before. Hopefully he will finally get the help he needs.

(ECF No. 11-1, PageID.796). It is signed "N. Price," and it is dated August 10, 2016. (*Id.*).

On October 13, 2016, the Commissioner filed her brief. (ECF No. 15). The Commissioner argues that the ALJ properly determined that plaintiff was not disabled from April 20, 2012, his amended date of alleged onset of disability, through the date

of the ALJ's decision. (*Id.*, PageID.804-09). The Court has received no further submissions from plaintiff.

## ALJ's Decision

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 20, 2012, the amended alleged onset date. (ALJ Op. at 4, ECF No. 7-2, PageID.47). At step two, the ALJ found that plaintiff suffered from the following severe impairments between April 20, 2012, and October 31, 2012: "schizophrenia; gender identity disorder; antisocial personality disorder; and substance addiction disorders (alcohol and cocaine)." (*Id.*). At the third step, the ALJ determined that plaintiff's impairments through October 31, 2012, met the requirements of a listed impairment.[3] (*Id.*, PageID.47-50). The ALJ then found that plaintiff's substance addiction was in remission as of November 1, 2012. (*Id.*, PageID.50). Starting on that date, the ALJ determined that plaintiff's impairments of "schizophrenia; gender identity disorder; [and] antisocial personality disorder" remained severe, but did not meet or equal the requirements of a listed impairment. (*Id.*, PageID.50-52).

The ALJ then evaluated plaintiff's residual functional capacity (RFC) since November 1, 2012, and she found that plaintiff could perform work at all exertional levels but with the following nonexertional limitations: "simple, routine, repetitive

---

[3]The ALJ erred in failing to determine whether plaintiff's substance abuse was material to the disability determination during the period April 20, 2012, through October 31, 2012. *See* 20 C.F.R. §§ 404.1535, 416.935. This error is harmless, however, as the period fell short of the twelve-month durational requirement. *See* 20 C.F.R. §§ 404.1509, 404.1522(b), 416.909, 416.922(b).

tasks involving only short, simple instructions and simple work related decisions and few work place changes; no contact with the general public; occasional contact with coworkers and supervisors; no work with production quotas; and reading at no more [than] the 3rd grade level." (*Id.*, PageID.52).

At step five, the ALJ determined that plaintiff retained the ability to perform jobs that existed in significant number in the national economy. (*Id.*, PageID.54-55). These included "material handling," "general industrial labor," and "grounds and building maintenance." (*Id.*, PageID.55). Accordingly, the ALJ concluded that plaintiff was not disabled. (*Id.*, PageID.55-56).

## Discussion

The letter submitted by plaintiff's niece does not comply with the requirements for filing a brief (*see* Notice, ECF No. 9, PageID.786); nor is plaintiff's niece an attorney admitted to practice in this Court. Nevertheless, and in an abundance of caution, the Court has considered it for purposes of this decision. The letter indicates that plaintiff suffers from severe impairments that significantly limit his ability to function. But that does not differ significantly from what the ALJ found. (*See* ALJ Op. at 9-11, PageID.52-54). Nothing in the letter suggests an error that requires remand.

The Court has independently reviewed the ALJ's decision, the underlying record, and the Commissioner's brief. The ALJ's decision will be affirmed. The Court finds that the RFC, as determined by the ALJ, is supported by substantial evidence. The Court further finds that the ALJ's decision, based on the testimony of the vocational expert, that there were a significant number of jobs in the national economy that plaintiff can perform is supported by substantial evidence.

## Conclusion

For the reasons articulated herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.


Date:  December 26, 2016            /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge